FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/23/2024 11:37 AM
JAMIE SMITH
DISTRICT CLERK
24DCCV0298

CAUSE NO. _____

| | | |
|---|---|---|
| JOSEPH M. URIBE AND | § | IN THE DISTRICT COURT OF |
| CHRISTINA D. URIBE | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| HPC INDUSTRIAL SERVICES, LLC | § | |
| AND GAYLON PRICE | § | |
|     Defendants | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, PLAINTIFFS, JOSEPH M. URIBE and CHRISTINA D. URIBE (hereinafter collectively referred to as "Plaintiffs"), and files this Original Petition complaining of HPC INDUSTRIAL SERVICES, LLC ("HPC") AND GAYLON PRICE ("Price") (hereinafter collectively referred to as "Defendants"), and for cause of action, would respectfully represent unto the Court as follows:

I.

Plaintiffs intends to conduct discovery in accordance with Rule 190.4 of the Texas Rules of Civil Procedure, also known as "Level 3" Discovery Control Plan, unless modified by order of this Court in the interest of justice. Plaintiffs affirmatively pleads that this suit is not governed by the expedited-actions process in Rule 169 of the Texas Rules of Civil Procedure because Plaintiffs are seeking monetary relief over $100,000.00.

II.

Plaintiff, Joseph M. Uribe, is a resident of Pearle River, St. Tammany Parish, Texas.

Plaintiff, Christina M. Uribe is a resident of Pearle River, St. Tammany Parish, Texas.

Defendant, HPC Industrial Services, LLC, f/k/a Hydrochem LLC is a foreign corporation

Copy from re:SearchTX

doing business in Texas and may be served with citation and a copy of this Petition by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

Defendant, GAYLON PRICE is a resident of Deer Park, Harris County, Texas and may be served at 900 Georgia Avenue, Deer Park, Texas 77536, or wherever he may be found.

III.

Venue is properly maintained before this Court pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code in that all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Texas.

This Court has jurisdiction to grant all relief requested, and the amounts in controversy is within the jurisdictional limits of this Court, exclusive of interest and costs.

IV.

On or about February 8, 2024, Plaintiff, JOSEPH M. URIBE was involved in an automobile collision in Jefferson County, Texas. Specifically, Plaintiff, JOSEPH M. URIBE was traveling south bound in the 1900 block of W. Hwy. 73 in the left lane when a bus stopped for the railroad crossing. As Plaintiff, JOSEPH M. URIBE came to a stop behind the bus, and without warning, Plaintiff, JOSEPH M. URIBE'S vehicle was violently struck by Defendant, Price's Mack Truck and Trailer, catapulting Plaintiff, JOSEPH M. URIBE into the guard rail. At the time of the collision, Defendant, Price was within the course and scope of his employment for Defendant, HPC. Following the collision, Plaintiff, JOSEPH M. URIBE was transported the hospital via ambulance.

The collision and all damages related thereto, were not caused nor contributed to by Plaintiff, nor did the same occur through any fault or negligence on the part of Plaintiff, but were caused solely by the acts, wrongs and/or omissions of Defendants. Further, said acts, wrongs and/or omissions

Copy from re:SearchTX

proximately caused the injuries and damages sustained by Plaintiff.

V.

On the occasion in question the Defendant, Price, was guilty of certain acts, wrongs and/or omissions, each and all amounting to negligence. Defendant had a duty to exercise ordinary care and operate his mack truck and trailer reasonably and prudently. Defendant breached the duty of care in the following ways:

1) failing to maintain a proper lookout;

2) failing to maintain proper control of Defendants mack truck and trailer;

3) failing to operate his utility truck in obedience to traffic laws and regulations;

4) failing to take proper evasive action and faulty evasive action;

5) failing to use the care of a reasonably prudent person;

6) in driving the mack truck and trailer in willful and wanton disregard for the safety of persons, in violation of Tex. Trans. Code §§ 545.351, 545.062, 545.401 & 550.021; and

7) In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

All of the above acts, wrongs and/or omissions, as well as various other acts, wrongs and/or omissions on the part of Defendant amounted to negligence and were the proximate cause of the above collision and resulting damages and injuries suffered by Plaintiff.

To the extent that Defendant's conduct was contrary to the Federal Motor Carrier Safety Regulations set out by U.S. Department of Transportation (See parts 383, 387, and 390-397), as well as the standards of care established for commercial motor vehicles/drivers by the Texas Department of Transportation, Defendant is guilty of negligence per se.

Copy from re:SearchTX

VI.

Plaintiffs affirmatively plead that any alleged acts of negligence of Defendant Price were committed while he was acting in the course and scope of his employment with Defendant HPC, and thus his actions are imputed to Defendant HPC as a result of respondeat superior.

Defendant HPC owed a legal duty to Plaintiffs to protect Plaintiff, JOSEPH M. URIBE from the negligence of Defendant Price while he was acting in the course and scope of his employment.

Plaintiff further pleads that the collision and resulting injuries were proximately caused by the various acts of negligence and/or negligence per se on the part of Defendant, HPC, including but not limited to the following:

1) Negligent hiring of Defendant Price;

2) Failure to supervise and train Defendant Price;

3) Retention of Defendant Price;

4) Violation of 49 C.F.R. Section 383.38 -- Duty of Employer to not allow an unqualified driver to operate a commercial motor vehicle;

5) Violation of 49 C.F.R. Section 390.11 -- Failure of motor carrier to require observance of duty or prohibition of drivers;

6) Violation of 49 C.F.R. Section 390.13 -- Aiding or Abetting Violations;

7) Violation of 49 C.F.R. Section 392.27 -- Failure to require drivers to prepare and failure of driver to prepare and furnish annual inquiry and review of driving record;

8) Violation of 49 C.F.R. Section 392.1-392.2 -- Failure to instruct and train drivers and failure to follow applicable operating rules;

9) Violation of 49 C.F.R. Section 392.23 -- Failure to conduct proper investigation and inquiries into driver in question; and

10) In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

Copy from re:SearchTX

Defendants violations and negligent acts above constitute negligence and/or negligence per se which was the proximate cause of injuries and damages to the Plaintiffs.

VI.

Defendants' (Price and HPC) conduct and omissions, taken singularly or in combination, constitute gross negligence and were the proximate cause of Plaintiff's injuries and damages. Defendants acts and/or omissions, when viewed objectively from Defendants standpoint at the time of such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff. Such gross negligence was a proximate cause of the collision in question and Plaintiff's injuries and damages. Accordingly, Plaintiff is entitled to punitive and/or exemplary damages.

VII.

By reason of the aforesaid negligence of the Defendants, Plaintiff, JOSEPH M. URIBE , has suffered damages, including:

    a.    Reasonable and necessary costs of medical care in the past;

    b.    Reasonable and necessary costs of medical care in the future;

    c.    Physical pain and mental anguish in the past;

    d.    Physical pain and mental anguish in the future;

    e.    Physical impairment/disability in the past;

    f.    Physical impairment/disability in the future;

    g.    Loss of earnings in the past;

    h.    Loss of earnings and earning capacity in the future;

Copy from re:SearchTX

  i.  Repair and/or Replacement cost of Plaintiff's vehicle;

  j.  Loss of use of Plaintiff's vehicle; and

  k.  Diminution in value of Plaintiff's vehicle.

By reason aforesaid negligence of Defendants, CHRISTINA D. URIBE, has suffered damages, including but not limited to the following:

  a.  Loss of Consortium in the past;

  b.  Loss of Consortium in the future;

  c.  Loss of Services in the past; and

  d.  Loss of Services in the future.

By reason of the aforesaid negligence of the Defendants, Plaintiffs, JOSEPH M. URIBE and CHRISTINA D. URIBE , have been damaged in an amount within the jurisdictional limits of this Court. Plaintiffs seeks monetary relief over $250,000.00 but not more than $1,000,000.00, and in the alternative Plaintiffs seek monetary relief over $1,000,000.00.

VIII.

In the event it be shown at trial of this cause that Plaintiff, JOSEPH M. URIBE had some pre-existing injury or condition, he pleads that the same was neither painful nor disabling, and that as a result of the injuries inflicted upon his by the negligence and other tortious acts and breaches of duty of Defendants, such pre-existing injury or condition was aggravated or incited to the extent that same became painful, disabling and proximately caused the injury and damages described herein.

IX.

Plaintiff asserts a claim for prejudgment and post judgment interest on all applicable elements of damages.

Copy from re:SearchTX

X.

All conditions precedent to recovery have been performed or met regarding this claim, including requisite notice of claim.

XI.

All pleadings are in the alternative. All allegations made herein are incorporated into every other titled allegation.

XII.

It is believed that Defendant, HPC's vehicle is currently located somewhere on Highway 73 in Port Arthur (however, the police report indicates it was towed) under the custody and control of Defendant HPC. Plaintiffs and their representatives request the opportunity to inspect, photograph, and film Defendant's vehicle, as well as download the ECM and/or CDR ("black box"), inspect the dash cam (which Defendant claims was "not activated") and all other electronics, in order to preserve and capture evidence crucial to Plaintiffs' claims herein

XIII.

APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND TEMPORARY INJUNCTION

Pursuant to Rule 680 of the Texas Rules of Civil Procedure and Chapter 65 of the Texas Civil Practices and Remedies Code, as well as the principles of equity, Plaintiffs are entitled to injunctive relief.

This suit is brought by Plaintiffs against Defendant arising out of a violent collision wherein Defendants mack truck and trailer struck the rear-end of Plaintiff's JOSEPH M. URIBE's vehicle, catapulting Plaintiff's vehicle into the guard rail. Plaintiff, JOSEPH M. URIBE was transported to the hospital via ambulance and has since been diagnosed with a Traumatic Brain Injury, among other

Copy from re:SearchTX

things.

This lawsuit has been brought against the named Defendants under the legal doctrine of negligence which was a proximate cause of the resulting injuries of Plaintiff, JOSEPH M. URIBE, and the damages sustained by Plaintiffs.

Defendant's vehicle says it was towed by Neff Brothers; however, Defendant's have claimed that the vehicle is currently located on their yard. Therefore, at this time, it is unclear where the vehicle is currently located.

Plaintiffs request that this honorable court restrain Defendants, HPC and Price, as well as any agents, representatives, insurers, experts, attorneys, or any other person acting on behalf of Defendants, from removing, tampering, changing, altering, destroying, selling, disposing and/or moving any part, and/or disturbing in any way Defendants' vehicle, including but not limited to all electronics, dash cams, ECM/CDR, etc., from this point forward until representatives and experts retained on behalf of this matter are allowed to jointly inspect, video, photograph Defendant's vehicle, including but not limited to downloading the ECM/CDR, inspecting the dash cam, inspecting the service log computer, etc.

Plaintiffs further request this court restrain Defendants, as well as their agents, representatives, insurers, experts, attorneys, or any other persons acting on behalf of them, from removing, tampering, changing, altering, destroying, selling, disposing, deleting, and/or moving any part or piece and/or disturbing in any way all cell phones, cell phone data, text messages, emails, written materials such as witness statements, log books, service time records, dispatch records, maintenance records, accident reporting records, driving hiring and employment records relative to the employees involved, any electronic data such as ECM, PCM or GPS data, log books, any video

Copy from re:SearchTX

or audio recordings, as well as any data relating to the use of any cell phones or communication devices which are related to the incident made the basis of this suit.

It is imperative that the evidence in question be preserved, and failure to enter this Temporary Restraining Order would cause Plaintiffs to suffer irreparable harm, for which no adequate remedy at law exists.

It is Plaintiffs' belief that this evidence may be changed, altered, destroyed, sold, or otherwise disposed of and that Plaintiffs will be deprived of the opportunity to inspect, photograph, and retrieve crucial evidence necessary to present essential elements of proof in this lawsuit, as well as any claims against other potential defendants.

In order for Plaintiffs to properly advance their claim, and to see that justice is done, this Court should restrain Defendants, as well as any agents, representatives, insurers, experts, attorneys or any other person acting on behalf of Defendant from removing, tampering, changing, altering, destroying, selling, disposing and/or moving any part or piece and/or disturbing in any way Defendant's vehicle, including all electronics, dash cams, etc., from this point forward until further order from this Court.

Plaintiffs are willing to post bond. There is not enough time to serve notice on Defendant and to hold a hearing on this application prior to the irreparable injury, loss, or damage occurs.

Plaintiffs recovery from Defendants after a trial on the merits is probable due to the clear negligence committed by Defendant. Plaintiffs request this Court set a hearing on the Temporary Injunction in this matter, and following the same, the Court issue a temporary injunction.

XIV.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to

Copy from re:SearchTX

appear and answer herein as the law directs, and that upon final hearing, Plaintiffs have and recover judgment of and from the Defendants pursuant to the above and foregoing all allegations in such amounts as the evidence may show proper at the time of trial, together with interest thereon at the legal rate, for costs of Court, and for such other and further relief, both general and special, statutory or common law, at law and in equity, to which Plaintiff may be justly entitled.

Further, Plaintiffs request that a temporary restraining order be issued against Defendants, as well as any agents, representatives, insurers, experts, attorneys, or any other persons acting on behalf of Defendants, from removing, tampering, changing, altering, destroying, selling, disposing and/or moving any part or piece and/or disturbing in any way Defendants vehicle, and/or the items contained therein, including but not limited to all electronics, dash cams, and computers, from this point forward until representatives and experts retained on behalf of this matter are allowed to jointly inspect, video, photograph Defendant's vehicle and all electronics and dash cams, including but not limited to downloading the CDR/ECM and/or retrieving the dash cam, and from further order from this Court.

Plaintiffs further request this court restrain Defendants, as well as their agents, representatives, insurers, experts, attorneys, or any other persons acting on behalf of them, from removing, tampering, changing, altering, destroying, selling, disposing, deleting, and/or moving any part or piece and/or disturbing in any way all cell phones, cell phone data, text messages, emails, written materials such as witness statements, log books, service time records, dispatch records, maintenance records, accident reporting records, driving hiring and employment records relative to the employees involved, any electronic data such as ECM, PCM or GPS data, log books, any video or audio recordings, as well as any data relating to the use of any cell phones or communication

Copy from re:SearchTX

devices which are related to the incident made the basis of this suit until further order from this Court.

                                Respectfully submitted,

                                Dunham Hallmark, PLLC
                                4180 Delaware Street, Suite 301
                                Beaumont, Texas  77706
                                (409) 434-4185 (Telephone)
                                (888) 325-0090 (Facsimile)

By:   */s/ Jessica L. Hallmark*
        Jessica L. Hallmark
        Bar No. 24041045
        jhallmark@dunhamhallmark.com

ATTORNEY FOR PLAINTIFFS

Copy from re:SearchTX

## AFFIDAVIT OF JESSICA L. HALLMARK

STATE OF TEXAS §
§
COUNTY OF JEFFERSON §

Before me, the undersigned authority, on this day personally appeared JESSICA L. HALLMARK, who, after being duly sworn, on her oath did depose and say the following:

"My name is JESSICA L. HALLMARK. I am over twenty-one (21) years of age, of sound mind, and never been convicted of any crime or offense. I have personal knowledge of the facts and statements recorded in the foregoing instrument. I hereby state and affirm that each and every statement made herein is true and correct to the best of my knowledge and belief."

_____
JESSICA L. HALLMARK

SUBSCRIBED AND SWORN TO before me by the said JESSICA L. HALLMARK, Affidant, on this 23rd day of February, 2024.

_____
Notary Public, State of Texas

DANNAH SEINSHEIMER
My Notary ID # 10581444
Expires July 17, 2024

Copy from re:SearchTX